Benjamin J. Branson, SBN 023299
**BAUMAN LOEWE WITT & MAXWELL, PLLC.**
8765 E. Bell Road, Suite 210
Scottsdale, AZ 85260
Telephone No.: 480-502-4664
Fax No.: 480-502-4774
Email: bbranson@blwmlawfirm.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee for William and Linda Easter,<br><br>Plaintiff,<br><br>vs.<br><br>SHENZHEN GLOBALEGROW E-COMMERCE CO., LTD, a foreign international entity D/B/A FLOUREON; SHANXI BAIYAN TROUSERS CHAIN MANAGEMENT CO., LTD, a foreign international entity; DOES I-V, inclusive; and ROE BUSINESS ENTITIES I-V, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>**Strict Product Liability** |

Plaintiff for its Complaint against Defendants allege as follows:

## JURISDICTIONAL ALLEGATIONS

1)   This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1332(a).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00 and the plaintiffs are citizens of a state different from any defendant.

2915689v1

2) Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim(s) occurred" in this district of Nevada.

## THE PARTIES

3) At all relevant times herein, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Plaintiff"), was a foreign insurance company duly authorized to conduct business in the State of Arizona.

4) As a component of Plaintiff's business, Plaintiff issues insurance policies providing coverage against loss due to damage caused by certain casualties.

5) Plaintiff's insured, William and Linda Easter ("Easter") are individuals who owned a single-family residence ("Residence") located at 3625 W. South Butte Road, Queen Creek, Minden, Nevada, in the County of Maricopa, State of Arizona.

6) Plaintiff issued an insurance policy to Easter which provided coverage for damage to the Residence ("Policy").

7) Defendant SHENZHEN GLOBALEGROW E-COMMERCE CO., LTD, is and at all times relevant, a Chinese entity doing business as FLOUREON ("Floureon").

8) Defendant SHANXI BAIYAN TROUSERS CHAIN MANAGEMENT CO., LTD, ("Shanxi") is and all time relevant, a Chinese entity. Under information and belief, Floureon is a subsidiary, entity or department of Shanxi. Floureon and Shanxi are collectively referred to as Defendants.

9) Does I-V are persons, partnerships, corporations and/or associations subject to suit in a common name whose true identities are unknown and who may be responsible in whole or in part, for the events and happenings referred to herein and legally caused the damages alleged by Plaintiff in this Complaint. Plaintiff will seek to amend this Complaint to set forth the true names and capacities of any of the DOE Defendants when their identities become known.

## FACTUAL ALLEGATIONS

2915689v1

10) The Defendants are in the business of manufacturing, selling and shipping rechargeable lithium ion batteries.

11) Easter purchased Floureon LiPo Batteries for use in a remote controlled toys (the "Batteries") on-line.

12) On August 27, 2016 after playing with the remote controlled toys, Easter connected the Batteries to the charger to recharge.

13) Shortly after placing the Batteries in the charger, the Batteries caught on fire and quickly spread to the surrounding combustibles.

14) Subsequent investigation revealed that the Batteries were defective and were the cause of the fire.

15) As a result of the fire, Easter filed an insurance claim with Plaintiff pursuant to the terms of the Policy.

16) The Policy provided that, in the event of an insured loss, Plaintiff would be subrogated to any rights Easter might have against a third party who is responsible for that loss to the extent of any payments made by Plaintiff.  In addition to contractual subrogation rights, Plaintiff also has equitable subrogation rights.

17) Plaintiff has indemnified Easter in whole or in part for the same loss for which Defendants are liable.  Plaintiff has paid Easter's claim, as contemplated by the Policy (not as a volunteer).  Easter had existing, assignable causes of action against each Defendant, for which Easter could have asserted for his own benefit had he had not been compensated for his loss by the Plaintiff.  Plaintiff has, therefore, suffered damages caused by the acts or omissions upon which the liability of Defendants depends, and justice requires that the losses be entirely shifted from Plaintiff to Defendants, whose equitable position is inferior to that of Plaintiff.

18) Plaintiff's damages are in a liquidated sum.

19) As a result of providing insurance coverage, Plaintiff incurred money damages when it compensated Easter and/or incurred other expenses, all in an amount to be proven at trial, but in no event less than $124,678.01.

## COUNT 1 – PRODUCT LIABILITY

20) Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

21) Defendants manufactured, designed, distributed, marketed, supplied, sold, entrusted, warranted and/or otherwise placed the Batteries into the stream of commerce so as to make it reasonable foreseeable that it would be used in the State of Arizona.

22) Defendants placed the Batteries into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or manufacturing of the Batteries.

23) The Batteries supplied to Plaintiff's insured were defective in design and unreasonably dangerous when they left the hands of the Defendants, the manufacturers and suppliers, and they reached the Plaintiff's insured, without substantial alteration in the condition in which they were sold.

24) The Batteries were unreasonably dangerous and defective beyond the extent contemplated by ordinary consumers with ordinary knowledge regarding these products.

25) Defendants' Batteries were defective due to inadequate warnings or instructions because Defendants knew or should have known of the risk of injury from their Batteries.

26) The Batteries were a substantial contributing cause of the injuries suffered by Plaintiff's insured.

27) The Batteries were being used in a foreseeable manner and for its intended purpose.

2915689v1

28) As a direct and proximate cause of the aforementioned defects in the Batteries, Plaintiff sustained damages alleged in this Complaint, in an amount to be proven at trial but in no event less than $124,678.01.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For the amount of damages paid to and/or on behalf of their Insured under the Policy in an amount to be proven at trial, but in no event less than $124,678.01.

B. For Plaintiff's costs and attorneys' fees to the extent permitted by law;

C. For prejudgment interest as permitted by law; and

D. For such other relief as this Court deems just and fair.

BAUMAN LOEWE WITT & MAXWELL, PLLC.

*/s/ Benjamin J. Branson*
Benjamin J. Branson
*Attorney for Plaintiff*